IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Case No. _____

| | |
|---|---|
| Shannon R. Bennett, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| Wilson Senior Care, Inc., ) | |
| ) | (JURY TRIAL DEMANDED) |
| Defendant. ) | |
| _____) | |

This action is brought to remedy discrimination on the basis of sex and to remedy retaliation in the terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e et seq. (Title VII) and to remedy wrongful termination in violation of public policy. This Court has jurisdiction of this matter under 42 U.S.C. §2000e-5(f), and under 28 U.S.C. §§1331 and 1343(4).

1. Plaintiff is a female citizen of the United States and a resident of Darlington County, South Carolina.

2. Defendant, Wilson Senior Care, Inc., is a corporation licensed in the State of South Carolina with a business operating in Darlington County with combined employees of approximately 600.

3. Defendant is an employer within the meaning of 42 U.S.C. § 2000e-(b).

4. On or about July 21, 2017, the Equal Employment Opportunity Commission issued Plaintiff a notice informing her of her right to sue defendant.

-1-

5. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII. Jurisdiction of this Court is proper under §706(f)(3) of Title VII, 42 U.S.C. §2000e - 5(f)(3).

6. Plaintiff, Shannon Bennett, was employed with Defendant's Company, Medford Nursing Center, as Director of Nursing from July 14, 2014 to October 10, 2014.

7. Over the course of Plaintiff's employment, she was subjected to a hostile work environment as she was discriminated and retaliated against based on sex and sexual orientation and complaints in ways which include but are not limited to the following:

   a. Although meeting her job expectations, Plaintiff was treated differently than other employees by Tyler Lofe, Executive Director for Defendant.

   b. Plaintiff was treated differently by other employees who expressed opposition to Plaintiff's lifestyle, although no opposition was expressed about other male employees' lifestyles.

   c. The corporate nurse and administrator from a sister facility were spreading rumors about Plaintiff's lifestyle only and sharing this information about Plaintiff only with the Executive Director, which prompted a shift in the Executive Director's treatment toward Plaintiff only.

   d. The Executive Director began to observe only Plaintiff closely even on surveillance cameras to which Plaintiff questioned and objected, thus prompting retaliation.

      e.      Although meeting her job expectations and having no notice of unsatisfactory work performance, Plaintiff was discharged by Owner, Dennis Lofe because Plaintiff "was not a good fit", which was pretext for the discriminatory and retaliatory discharge.

8.      Defendant failed to adequately address the issue of harassment against Plaintiff or her complaints; and Defendant failed to correct the behavior or remove Tyler from his position based on his conduct toward Plaintiff.

### FIRST CAUSE OF ACTION
**(Discrimination based on sex and sexual orientation and Retaliation in Violation of Title VII)**

9.      Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 8 of this Complaint.

10.      Plaintiff, a homosexual female, was performing satisfactorily as the director of nursing for Defendant, when she was terminated for reasons that are pretext for sex discrimination and retaliation.

11.      Defendant, through its employees, engaged in the acts or practices of harassment and retaliation, including but not limited to those referenced above; and Defendant discriminated and retaliated against Plaintiff in the terms and conditions of her employment on the basis of sex and sexual orientation in violation of Title VII.

12.      As a result of the acts of discrimination within Defendant's employment practices and work environment, and Defendant's retaliatory actions against Plaintiff regarding

her complaints of harassment, Plaintiff has suffered emotional harm, as well as loss of income as a result of wrongful termination.

13. Defendant's acts of discrimination within Defendant's employment practices and work environment, and Defendant's retaliatory actions against Plaintiff regarding her complaints of harassment were performed with malice and reckless indifference to Plaintiff's protected civil rights.

14. Plaintiff is now suffering, and will continue to suffer irreparable injury, damage to her reputation and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## SECOND CAUSE OF ACTION
### (Wrongful Termination)

15. Plaintiff incorporates by reference paragraphs 1-14 as fully as if set forth herein.

16. Defendant, through its employees or agents, allowed Plaintiff to be singled out, harassed and terminated because of her sexual orientation and opposition to unfair treatment.

17. Defendant knew or should have known of the egregious conduct of its agents and employees, some who held a supervisory role over Plaintiff, and caused Plaintiff to be subjected to hostile environment and termination in employment.

18. Defendant's action of harassing and terminating Plaintiff based on sexual orientation is wrongful termination in violation of public policy.

**WHEREFORE**, Plaintiff respectfully prays that this Court enter a judgment:

A.  For a money judgment representing compensatory damages, including lost wages, past and future wages, and all other sums of money, including any and all benefits and any other employment benefits together with interest on said amounts;

B.  For lost money and damages pertaining to out of pocket expenses, especially related to, but not limited to, insurance payments for COBRA, and those damages for being forced to lose or sell real and/or personal properties;

C.  For cost of suit, including an award of reasonable attorney fees as provided by §706(k) of Title VII, 42 U.S.C. §2000e-6(k);

D.  For a money judgment representing punitive damages for Defendant's willful violations of law;

E.  For a money judgment representing pre-judgment interest, if applicable;

F.  Reinstatement and restoration of benefits upon conditions that Plaintiff's supervisors be enjoined to comply with the law; and,

G.  Award Plaintiff such other and further relief as this Court deems just and proper.

                                        WUKELA LAW FIRM

                                    By:  s/ Pheobe A. Clark
                                        **Pheobe A. Clark**
                                        Federal ID No. 9888
                                        Post Office Box 13057
                                        Florence, SC 29504-3057
                                        Phone: (843) 669-5634
                                        Fax: (843) 669-5150

October 16, 2017