IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| SHANNON R. BENNETT, | ) | Civil Action No.: 4:17-CV-02798-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WILSON SENIOR CARE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Currently pending before the court is Defendant Wilson Senior Care, Inc.'s Motion to Dismiss Plaintiff's Complaint [ECF #8]. On November 27, 2017, Plaintiff filed a response in opposition to this Motion [ECF #10], and Defendant filed its reply on December 4, 2017. [ECF #11]. In accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), this matter was referred to a Magistrate Judge for pretrial handling.  This matter is now before the Court after issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III. [ECF #13].  In the R&R, the Magistrate Judge recommends granting the Motion to Dismiss.  Plaintiff filed her objections to the R&R on June 7, 2018. [ECF #14]. Defendant replied to these objections on June 8, 2018. [ECF #16]. This Court now issues the following Order.

### Factual Background and Procedural History

On October 16, 2017, Plaintiff Shannon Bennett filed this civil action against Defendant Wilson Senior Care, Inc. alleging violations of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq.* ("Title VII"), as well as alleging wrongful termination in violation of public policy. [ECF #1]. As alleged within the Complaint, Plaintiff is a homosexual

female who was employed with Defendant for approximately three (3) months from July 14, 2014 until October 10, 2014. [ECF #1, p. 2].  Plaintiff asserts that during the time she was employed with Defendant, she was "subjected to a hostile work environment because she was discriminated and retaliated against based on sex and sexual orientation." [ECF #1, p. 2]. Plaintiff further alleges that despite meeting her job expectations, she was "treated differently than other employees" by Defendant's Executive Director, and further, that she was "treated differently" by unnamed employees who expressed opposition to her lifestyle, despite the fact that no opposition was expressed about "other male employees' lifestyles." [ECF #1, p. 2]. Plaintiff alleges that the corporate nurse and administrator from a sister facility spread rumors regarding her lifestyle, and this information prompted a shift in the Executive Director's treatment toward her "only." [ECF #1, p. 2]. Specifically, Plaintiff asserts that he began to observe "only Plaintiff" on surveillance cameras, which she ultimately questioned him about, prompting retaliation. [ECF #1, p. 2]. Thereafter, Plaintiff was discharged by the owner of the company because Plaintiff was "not a good fit" for the company. [ECF #1, p. 3]. Plaintiff alleges this was pretext for discriminatory and retaliatory discharge. [ECF #1, p. 3].

On November 13, 2017, Defendant filed its Motion to Dismiss Plaintiff's Complaint pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, alleging Plaintiff's Complaint is deficient for the following reasons: (1) Plaintiff's claim for discrimination based on sexual orientation is not cognizable under Title VII; (2) Plaintiff did not exhaust her administrative remedies with the Equal Employment Opportunity Commission (the "EEOC"); (3) Plaintiff's claims for sex discrimination and retaliation are not supported by sufficient facts to raise a

plausible claim; and (4) Plaintiff's wrongful termination cause of action based on public policy is barred by the applicable statute of limitations, it fails to identify what public policy was violated, and it fails because there is already an existing state-law remedy for employment discrimination. [ECF #8-1, pp. 1-2]. Within the R&R, the Magistrate Judge recommends finding that Plaintiff appropriately exhausted her administrative remedies, and neither party has objected to this finding. The Magistrate Judge further recommends dismissal of the Complaint in its entirety. [ECF #13, p. 10].

Plaintiff filed objections to the R&R on June 7, 2018. [ECF #14]. Within her objections, Plaintiff argues that the Magistrate Judge has required Plaintiff to plead more than a "short plain statements of facts," which is the applicable standard under Federal Rule of Civil Procedure 8. [ECF #14, pp. 3-4]. Plaintiff further objects to the dismissal of her Title VII claims in that, despite whether discrimination based on sexual orientation alone is a cognizable grounds for relief under Title VII, she states that she still properly pled a cause of action for sex discrimination, as well. [ECF #14, pp. 5-7]. Defendant responded, urging this Court to adopt the recommendation of the Magistrate Judge in this case and dismiss all claims with prejudice. [ECF #16].

### Discussion

### I. Review of the Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The district court is charged with making a *de novo* determination of those portions of the R&R to which

specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## II. Motion to Dismiss

As an initial matter, neither party objected to the Magistrate Judge's recommendation that Plaintiff properly exhausted her administrative remedies, and upon review, this Court finds no clear error in that finding. *See Diamond*, 416 F.3d at 315. Defendant filed its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." The purpose of such a motion is to test the sufficiency of the facts alleged in a plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The United States Supreme Court recently stated that

4

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).  When ruling on a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In considering a motion to dismiss, the factual allegations in a complaint are accepted as true, and the plaintiff is afforded the benefit of all reasonable inferences to be drawn from the allegations contained within the complaint. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

Plaintiff objects that she has properly pled the causes of actions sufficient to survive a motion to dismiss. Plaintiff alleges Defendant discriminated against her on the basis of her sexual orientation in violation of Title VII. The Magistrate Judge agreed with Defendant that the current law affirmatively establishes that the Fourth Circuit does not recognize a claim for sexual orientation discrimination under Title VII. *See Hinton v. Virginia Union Univ.*, 185 F. Supp. 3d 807, 914 (E.D. Va. 2016) (relying upon *Wrightson v. Pizza Hut of America, Inc.*, 99 F.3d 138, 143 (4th Cir. 1996)). Plaintiff acknowledges the case law in her initial brief but argues that the analysis suggests a willingness to find that Title VII proscribes sexual orientation discrimination. Plaintiff has not specifically objected to the Magistrate Judge's recommendation that this Court dismiss this cause of action based on *Wrightson*. However, to the extent Plaintiff's objections could be construed as objecting to the dismissal of this cause of action, this Court agrees that Fourth Circuit precedent does not provide for a plaintiff to bring a cause of action under Title VII

5

due to allegations of discrimination based on an individual's sexual orientation. Accordingly, this Court agrees that this claim must be dismissed with prejudice.

As to the remaining claims, Plaintiff argues that the Magistrate Judge improperly weighed the evidence, thereby heightening the pleading standard in reviewing her Complaint. Plaintiff argues that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff believes she has met this standard to establish a claim for sex discrimination and retaliation pursuant to Title VII, as well as a wrongful discharge claim pursuant to state law.  In order to survive a motion to dismiss, a plaintiff need not plead a prima facie case of discrimination. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). However, Plaintiff must allege facts that raise a right to relief above a speculative level. *McCleary-Evans v. Maryland Dept. of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015). Allegations which are merely consistent with discrimination will not suffice. *Id.* While a plaintiff is not required to plead facts sufficient to prove her case, a plaintiff is required to allege facts to support a claim for relief. *McKinney v. Richland County Sheriff's Dept.,* 431 F.3d 415, 420 (4th Cir. 2005) (citing *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)).

Title VII prohibits an employer from "discharg[ing] and individual, or otherwise . . .discriminat[ing] against an individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1).  To establish a prima facie case of gender discrimination, a plaintiff must show: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action . . .; and (4)

6

that similarly-situated employees outside the protected class received more favorable treatment." *Gerner v. County of Chesterfield, Va.*, 674 F.3d 264, 266 (4th Cir. 2012) (quoting *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004)). Plaintiff must ultimately carry the burden of establishing a prima facie case for discrimination and retaliation; however, at this stage of the litigation, Plaintiff need only satisfy the requirements of Rule 8(a). Plaintiff's Complaint is admittedly brief. However, in accepting all factual allegations in the Complaint as true, and affording Plaintiff the benefit of all reasonable inferences to be drawn from her allegations, Plaintiff has alleged sufficient facts to establish a claim for sex discrimination at this stage of the litigation. Plaintiff alleges she was discriminated and retaliated against based on "sex *and* sexual orientation." She further alleges that she was terminated for reasons that were pretext for sex discrimination and retaliation. [ECF #1, p. 3]. Defendant argues that Plaintiff's claim is that she endured opposition based on her lifestyle choices, as opposed to her gender. [ECF #16, p. 7]. In reviewing the Complaint, it is clear that Plaintiff alleges that she is a female, and that she was meeting her job expectations. However, despite satisfactory job performance, she alleges she was "treated differently" than other employees who expressed "opposition to Plaintiff's lifestyle," although no opposition was expressed about other "male employees' lifestyles." [ECF #1, p. 2]. In other words, she alleges she was treated differently than other male employees.[1]  While this Court agrees with the analysis of the R&R suggesting that most of her allegations are tailored to her allegations that she was treated differently based on her sexual orientation, this Court finds

---

[1] For purposes of the 12(b)(6) stage of litigation, this can still be interpreted that the discrimination, as alleged, is based on sex/gender and because of her sex, as opposed to sexual orientation.

that, for the purposes of the standard under a motion to dismiss, Plaintiff has alleged sufficient facts to state a cause of action as to a Title VII sex/gender discrimination case.

As to her retaliation claim, in order to succeed on a retaliation claim under Title VII, an employee must allege: (1) she engaged in protected activity; (2) the employer acted adversely against her; and (3) there was a causal connection between the protected activity and the adverse action. *Ziskie v. Mineta*, 547 F.3d 220, 229 (4th Cir. 2008). Plaintiff alleges that after realizing she was being observed on surveillance cameras, she questioned the conduct, thereby "prompting retaliation." [ECF #1, p. 2]. She also states that that the reason given for her termination was "pretext for discriminatory and retaliatory discharge." [ECF #1, p. 3]. Further, Plaintiff states that Defendant took "retaliatory actions against Plaintiff regarding her complaints of harassment." [ECF #1, p. 4]. Plaintiff alleges she was voicing her opposition to what she believes were discriminatory acts, and in response she was terminated for complaining of harassment. In reviewing the allegations within the Complaint and drawing all reasonable inferences in favor of Plaintiff, this Court finds that Plaintiff has sufficiently alleged retaliation for the purposes of a motion to dismiss.

To the extent that Plaintiff alleges a cause of action for a hostile work environment, this claim is too attenuated and conclusory to state a claim for relief. To establish a claim for hostile work environment based on gender, Plaintiff must allege unwelcome harassment based on her gender, race, or age, that was sufficiently "severe or pervasive" to alter the conditions of employment and create an abusive atmosphere, and provide some basis for imposing liability on her employer. *See Matvia v. Bald Head Island Mgmt., Inc.*, 259 F.3d 261, 266 (4th Cir. 2001);

*Davis v. Dimensions Health Corp.*, 639 F. Supp. 2d 610, 614 (D. Md. 2009). Even viewing the allegations favorably to the non-moving party, Plaintiff does not sufficiently allege a hostile work environment claim. Plaintiff asserts that she was subjected to a hostile work environment as she was retaliated against based on sex and sexual orientation. She asserts that the Executive Director began to observe her through surveillance cameras, and that when she objected to this behavior, she was retaliated against. However, retaliation is a separate cause of action from a hostile work environment. Plaintiff alleges that Defendant failed to "adequately address the issue of harassment against Plaintiff" and "failed to correct the behavior" of the Executive Director. Plaintiff does not allege any other facts to support her hostile work environment claim. Plaintiff does not allege that this conduct by any employee was severe or pervasive, nor does she allege facts which could be construed as describing behavior that was severe or pervasive over the course of her relatively short employment. While Plaintiff alleges that she was "treated differently" due to her lifestyle, even assuming that this behavior could be construed as hostile treatment, she does not allege that this unspecified behavior was directed toward her because of her gender, or was pervasive or consistent. Accordingly, Plaintiff's conclusory allegation that she was subject to a hostile work environment, without more, does not suffice to state a claim for relief based on a hostile work environment.

Plaintiff's second objection to the R&R is an argument previously raised and considered in her response brief to Defendant's Motion to Dismiss. Plaintiff argues that the Fourth Circuit recognizes that the same set of facts could be claimed for discrimination based on sex and sexual orientation discrimination. Plaintiff's argument is thus that she has "sufficiently made a claim of

9

sex discrimination independent of sexual orientation." [ECF #14, p. 6]. This Court has previously determined that Plaintiff's cause of action based on sex discrimination has met the pleading standard for the purposes of a Motion to Dismiss. Accordingly, this Court need not consider Plaintiff's alternative argument regarding her sex discrimination claim under Title VII.

Finally, Plaintiff objects to the R&R because she argues the Magistrate Judge should have recommended that she be granted leave to amend her Complaint to include "state law claims of sex discrimination and if necessary, more detailed Title VII claims of sex discrimination and retaliation."[2] Rule 15(a)(2) directs that leave to amend "shall be freely given when justice so requires." Leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). Leave to amend is properly denied where, as here, the requested leave to amend is not accompanied by a motion to amend or a proposed amended complaint. *See Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630-31 (4th Cir. 2008) (finding no abuse of discretion where plaintiffs requested leave to amend in a response but did not file a motion to amend or a proposed amended complaint). The Supreme Court has also indicated that leave to amend may also be denied where there is evidence of undue delay, bad faith or dilatory motive on the part of the movant, or repeated failure to cure deficiencies by amendments previously allowed. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

---

[2] Notably, Plaintiff does not indicate that if granted the opportunity, she would include any further details regarding her hostile work environment claim.

10

When Defendant filed its motion to dismiss on November 13, 2017, Plaintiff became aware of Defendant's allegations regarding not only the factual deficiences within the Complaint, but also the reasons that Defendant asserts the wrongful termination claims should be dismissed, including the fact that it could have been brought as a state law claim. [ECF #8]. Plaintiff filed a response in opposition to this motion on November 27, 2017, where she stated that any deficiencies within the Complaint would be cured upon Plaintiff's "forthcoming amendment." [ECF #10, p. 10].[3] In that past eight months, Plaintiff has not filed either a motion requesting leave to amend her Complaint or a proposed amendment to her Complaint. In her brief and objections, Plaintiff does not provide any additional factual allegations which she intends to include in a proposed amendment in order to further support her causes of action. Therefore, she has not provided this Court with any indication as to what additional facts she would allege that would cure any alleged deficiencies. *See U.S. ex rel. Williams v. Martin-Baker Aircraft Co., Ltd.*, 389 F.3d 1251, 1259 (D.D.C. Nov. 26, 2004) (affirming the dismissal with prejudice of a cause of action and explaining that while Federal Rule 15(a) provides leave to amend shall be freely given, a bare request in opposition to a motion to dismiss without any indication of the particular grounds on which amendment is sought does not constitute a motion within contemplation of the rule).

Because this Court finds that she has pled sufficient facts to move forward with her Title VII sex/gender discrimination and retaliation claims, this Court finds it unnecessary to grant Plaintiff leave to amend as to these grounds. As to the dismissal of her state law claims, Plaintiff

---

[3] Plaintiff also stated within her objections that any deficiencies would be cured in a forthcoming amendment, and she should be granted leave to amend her complaint.

concedes that her cause of action for wrongful termination pursuant to public policy is time-barred. [ECF # 10, p. 10]. This Court agrees that her wrongful termination claim pursuant to public policy should be dismissed with prejudice. However, despite acknowledging in her response brief that S.C. Code Ann. § 1-13-10 provides a statutory remedy for discrimination, and despite her indication that she would be filing a forthcoming amendment, Plaintiff has not sought to amend her Complaint to include any specific claims pursuant to state law, although she argues she should be granted leave to amend her complaint to include "state claims of sex discrimination." To the extent Plaintiff seeks leave to file additional state law claims, this Court declines to grant leave for Plaintiff to amend because it cannot ascertain what state law claims she intends to bring at this time.

<u>Conclusion</u>

The Court has thoroughly reviewed the entire record, including the pleadings, and the applicable law. For the reasons set forth in this motion, this Court respectfully declines to adopt the recommendation of the Magistrate Judge in the R&R in its entirety. [ECF #13]. For the reasons stated above, Defendant's Motion to Dismiss [ECF #8] is **GRANTED in part and DENIED in part.** Plaintiff's Title VII claim for discrimination based on sexual orientation is dismissed with prejudice. Plaintiff's wrongful discharge claim pursuant to public policy is also dismissed with prejudice. To the extent Plaintiff's Complaint can be read to include a hostile work environment claim, this claim is dismissed without prejudice. However, Plaintiff's Title VII claims based on sex/gender discrimination and retaliation remain for the reasons stated in this Order.

**IT IS SO ORDERED.**

Florence, South Carolina                              s/ R. Bryan Harwell
September 18, 2018                                    R. Bryan Harwell
                                                     United States District Judge

13